The Chancellor.
There are two points raised upon the preliminary motion to quash the writ of error : 1. Will a writ of error lie in this case? 2, Assuming it to lie, has not the plaintiff in error. Brooks, waived that remedy, by subsequently applying to the Supreme Court for leave to sue out an audita querida. ?
1. I am of opinion, upon the first point, that the writ of error ought to be quashed. The rule or order of the Supreme Court, denying Brooks’s motion, was not a judgment, within the meaning of the constitution, or of the statute organizing this court. It was only a decision upon a collateral or interlocutory point, and cannot well be distinguished from a *382 variety of other special motions and orders which are made in ^le Progresss óf a suit, and which have never been deemed the foundation of a writ of error. A writ of error, according to the uniform language and understanding of the law, will lie only upon a final judgment or determination #of a cause, and it never was known to lie upon a motion to set aside process.
2. But if error could be brought upon such a motion, the plaintiff in error has waived all right to it in this instance, by his subsequent application to the Supreme Court for an audita querela. That writ lias been granted to him, and it is a regular suit, in which the plaintiff in error can set up his discharge, under the insolvent act of 1811, in bar of the execution. The parties can plead and take issue either in law or fact, upon the merits and legality of the discharge; and a regular judgment must be pronounced in the Supreme Court, upon which error can be brought into this court, and from here into the Supreme Court of the United States, if the case should require it. I cannot conceive of a more decided case of a waiver of the first motion, and of the rule of the Supreme Court upon it, than this renewed application to the same court for the writ of au-dita querela. It is not an uncommon thing for a court of law, if the case be difficult or dubious, to refuse to relieve a party after judgment and execution in a summary way by motion, and to put him to his audita querela. Cases to this effect were stated by Lord Holt; and the Supreme Court, in 1801, in the case of Wardell v. Eden, (cited in 1 Johnson’s Rep. 531, note,) adopted this course. And surely, after the decision of the Supreme Court of the United, States, the Supreme Court acted with great discretion in denying relief to Brooks upon motion, and afterwards granting him, as a matter of right, his writ of audita q uerela. If ever the case touching the right of Hunt to his execution, notwithstanding Brooks’s discharge under the act of 1814, is to be carried up from this court to the Supreme Court of the United States, I should hope, for the credit of our practice, it might be on the audita (querela, and not upon such a strange mode of proceeding as that of a writ of error brought upon a motion and affidavit.
The rest of the court (Hammond and M’Mabtin, Senators, dissenting) being of the same opinion, it was, therefore, ordered and adjudged, that the writ of error in this cause be quashed, &c.
Writ quashed.