July Term, 1820.

TIBBS
v.
BARKER.

The refusal of the Court to admit the evidence offered in mitigation of damages, is also assigned for error. In this the Circuit Court acted incorrectly. The plaintiff in this action has a right to recover the rents and profits of the premises, during the time he has been kept out of possession, together with costs; but the jury are not restricted to the rents, profits, and costs, but may exceed them, and give damages by way of punishing the ejectors (2). The defendants, therefore, had an unquestionable right to show that they became possessed of the premises quietly, and by apparent right; and were not guilty of such force or violence as merited vindictive damages.

BLACKFORD, J., expressed no opinion, having been of counsel in the cause.

*Per Curiam.*—The judgment is reversed, and the inquisition set aside, with costs. Cause remanded for further proceedings.

*M'Donald* and *Tabbs,* for the plaintiffs.

*Dewey* and *Call,* for the defendant.

(1) Trespass *q. c. f.* To the force' and arms, &c., the defendant pleaded not guilty; and as to the breaking, &c., a justification; upon which issues were joined. The plaintiff contended he had the right to begin, as the affirmative of one of the issues lay upon him. *Bayley, J.,* said there was but one issue to be tried; the denial of the force and arms was not with a view to the cause, but was introduced to bar the claim on the part of the crown, to a fine for the trespass, and was quite dehors the cause, as between the parties; in practice nothing was ever found upon that issue.—The defendant accordingly opened his case. *Jackson* v. *Hesketh,* 2 Stark. Rep. 518.

(2) The action being trespass *vi et armis,* the verdict need not be confined to the *rent* of the premises, although the action is said to be for the *rents and profits;* but extra damages may be given, according to the circumstances of the case. *Goodtitle* v. *Tombs,* 3 Wils. 118.—Adams on Ejectment, 337, 338.

---

## TIBBS *v.* BARKER.

A specific performance of a parol agreement for the sale of land will be decreed, where the purchase money has been paid, and possession taken, in pursuance of the contract.

Wednesday, July 19.

SUIT in Equity, transferred from the *Crawford* Circuit Court previously to a decree, in consequence of the interest of the circuit judge (1).—The complainant prayed a specific perform-

ance of a *parol agreement* for the assignment of a land office certificate; and alleged a part performance, by having paid the purchase money, received the certificate, and possessed the land, in pursuance of the agreement. The defendant pleaded the statute of frauds, and denied the acts of part performance alleged in the bill.

SCOTT, J.—The part performance of this parol agreement, alleged and proved, takes it out of the statute of frauds.

*Per Curiam.*—A specific performance is decreed, with costs.

*Nelson*, for the complainant.

*Stevens*, for the defendant.

(1)  Const. Ind. a. 5. s. 2.—Ind. Stat. 1818, p. 45;—1823, p. 130.

---

## LAMBERT and Another *v.* BLACKMAN.

Where a promissory note in the *French* language, is declared on as if it were in *English*, the variance is immaterial.
If the jury give greater damages than are declared for, and the plaintiff sign judgment for the greater sum, the Court may permit him to amend during the term, by entering a *remittitur* for the excess.

ERROR to the *Vigo* Circuit Court.—Assumpsit on a promissory note. Plea, the general issue. The note was in the *French* language, but was declared on as if it had been in *English.* The variance, at the trial, was held immaterial. The damages were laid in the declaration at 300 dollars. The jury gave a verdict for 322 dollars and 28 cents in damages; for which sum, together with costs, judgment was entered during the term. Afterwards, in the same term, the plaintiff below, by leave of the Circuit Court, entered a remittitur of 22 dollars and 28 cents, the extra sum.

*Wednesday;
July 19.*

HOLMAN, J.—One error assigned is, that the note, being in the *French* language, should have been set forth in that language, in the declaration. We are of opinion, that the nature and extent of the obligation created by the note, were all that were requisite in pleading, and these are sufficiently set forth in the *English* language (1). The entry of the remittitur after judgment, is also assigned for error. A remittitur is most regular-