WILLIAM F. THORNTON, plaintiff in error, *v.* JAMES W. VAUGHAN, administrator, and SOPHIA HENRY, administratrix, of JAMES B. HENRY, deceased, and JOHN HENRY, WILLIAM HENRY, MORRISON HENRY, MARY HENRY, CAROLINE HENRY, EVELINE HENRY, and BARTLETT HENRY, heirs at law of the said JAMES B. HENRY, deceased, defendants in error.

*Error to Shelby.*

Delivery of possession and part performance, as the payment of the purchase money, and making improvements, will take a parol contract for the purchase of land out of the statute of frauds.

(1) R. L. 488 ; Gale's Stat. 530.

A party, to avail himself of the statute of frauds, must plead it, or rely on it in some form.

Where T. had purchased a lot of land by parol, paid the purchase money, taken possession of the land by consent of the vendor, and received the title deeds for the purpose of preparing a deed : *Held*, that these facts took the case out of the statute of frauds, and that a court of equity would enforce a specific performance of the contract.

Where a guardian *ad litem*, of infant heirs, puts in an answer to a bill in chancery, admitting the allegations, a court of chancery being the general guardian of infants, may, doubtless, set aside the answer of the guardian, and direct him to put in an answer requiring the plaintiff to prove the facts set out in his bill. But it will not set up the statute of frauds to defeat the specific execution of a parol contract for the purchase of land, where it is not relied on by the heirs or their guardian.

THIS cause was heard at the October term, 1837, of the Shelby Circuit Court, before the Hon. Sidney Breese.

A. P. FIELD, DANIEL GREGORY, and H. EDDY, for the plaintiff in error, relied upon the following points and authorities :

· First, It is a rule in equity, that what is contracted to be done for a valuable consideration, is considered as done, and all the consequences follow. 1 Mad. Ch. 363 – 4.

Secondly, The statute of frauds of this State is similar to, and founded upon, the English statute. R. L. 313 (1) ; 2 Stark. Ev. 592, § 4.

Thirdly, Performance, or part performance, of a verbal contract, takes it out of the statute, and a specific performance of the contract will be decreed, 1 Mad. Ch. 378 ; 2 Chit. Blac. 158, side paging, and note 19 ; 2 Stark. Ev. 600 – 1, and note 1 ; 1 Johns. Ch. 273.

Fourthly, Giving possession, or payment of purchase money, is considered as part performance, on which a decree will be made, 1 Mad. Ch. 381, and note 1 ; 2 Caines' Cas. 87 ; 2 Blac. Com. 158, and note 19 ; 2 Stark. Ev. 600 – 1, and note 1.

Fifthly, If a bill be filed for the specific performance of a parol contract, and the defendant admits the agreement, and subm itsto perform it, or if he does not submit to perform it, yet, if he does not insist upon the statute, he is taken to have waived it, and a decree will be made, 1 Mad. Ch. 383 ; 3 Peters' Cond. R. 524, note ; Doe *ex dem.* Whitney *v.* Cochran *et al.*, 1 Scam. 209 ; 1 Blackf. 58 ; Caldwell *v.* Harrington, Peters' Cond. R. 345 ; 3 Ohio R. 393.

LEVI DAVIS, for the defendants in error, cited 2 Pirtl. Dig. 416 ; 1 Bibb 209 ; 2 Kent Com. 244 ; 4 Kent Com. 451.

LOCKWOOD, Justice, delivered the opinion of the Court :

William F. Thornton filed a bill in chancery in the Shelby Circuit Court, setting forth in substance, that on the 6th day of February, 1836, the said Thornton and James B. Henry, since

(1) Gale's Stat. 315.

deceased, entered into a bargain for the sale and purchase of lot No. 3, in Block No. 6, in the town of Shelbyville, whereby said Henry sold, and agreed to convey, to said Thornton, said lot, and to give him a warrantee deed for the same. That said Thornton was to give, and did give and pay said Henry therefor, the sum of fifty dollars, in full consideration for said lot. That at the time of the sale and payment for said lot, said Thornton took possession (by consent and direction of said Henry) of said lot, and also of the title deeds to the same, and now has possession thereof. That said sale was by a verbal agreement, and not in writing, but that the title deeds were given up to said Thornton, to enable him to fill out a deed to himself; but the said deed was neglected to be made for a few days, and in the mean time the said Henry died, without executing any deed for the lot. That Sophia Henry, the wife of said James B. Henry, was administratrix, and James W. Vaughan administrator of his estate, and that the other defendants were the children, and infant heirs of said Henry. The bill prays that a guardian *ad litem* be appointed for the infant heirs, and that a decree be made, requiring the defendants to execute a deed for the lot of land, and for such other relief as said Thornton may be entitled to.

Subsequently to the return of the summons duly served on all the defendants, a default was entered against Vaughan and Sophia Henry, the wife of the said James B. Henry, for want of a plea; and at the same time a guardian *ad litem* was appointed for the infant defendants, who answered that the facts set forth in the said bill are true; and that they have nothing to say why a decree should not be made as prayed for in the bill. The cause being brought to a hearing in the Court below, that Court decided, that, as the bill is predicated upon a verbal contract only, for the sale of land, that the bill be dismissed, and that the defendants recover of the complainant their costs, &c. The assignment of errors questions the correctness of this decision. The decision of the Court below assumes the broad ground, that no acts of the parties can take a parol sale of land out of the operation of the statute of frauds, and that the parties cannot waive the statute. Without entering into the various and contradictory decisions of the English and American courts on the subject of what acts will take a parol contract for the sale of land out of the statute, there is no doubt but the current of decisions in both countries sustain the doctrine, that delivery of possession and part performance, as the payment of the purchase money, and making improvements, will take the case out of the statute. It has, also, been repeatedly decided in the English courts, that a party, to avail himself of the statute of frauds, must plead it, or rely on it in some form. We are consequently of opinion, that the Court erred in dismissing the bill, on the ground that the bill only sets out a parol contract.

In this case the bill alleges, that the whole of the purchase money for the lot had been paid ; that the possession of the lot was taken by Thornton, by the consent of Henry, and the title deeds were delivered to Thornton to enable him to make out a warrantee deed for the lot.

If all these acts, together with the consent of the defendants that a decree be made in favor of the plaintiff, are not sufficient to take a case out of the operation of the statute of frauds, we are at a loss to conceive of a case where it would be proper. It is too late to say, that no parol contract for the sale of lands can be specifically enforced by a court of equity. Such a decision converts the statute of frauds into an engine of fraud. The Court below, sitting as a court of chancery, being the general guardian of infants, if it had deemed it advisable, in order more effectually to protect the interests of the infants, might, doubtless, have set aside the answer of the guardian, and directed him to put in an answer requiring the plaintiff to prove the facts set out in his bill. This, we conceive, is all, under the circumstances of this case, that the Court below could do, and all that justice required.

The judgment is reversed, and the cause remanded, with instructions to proceed and render a decree for complainant, or at the discretion of the Court below, set aside the answer, and proceed according to the proof to be exhibited. No costs are given to either party.

SMITH, Justice :
As the statute of frauds was not relied on in this case by the defendants, I concur in the judgment of reversal, without expressing any definite opinion on the construction to be given to the statute of frauds.

*Decree reversed.*

*Note.* A specific performance of a parol agreement for the sale of land will be decreed, where the purchase money has been paid, and possession taken in pursuance of the contract, although the statute of frauds be pleaded. Tibbs *v.* Barker, 1 Blackf. 58.