# LUNSFORD, et al. v. RICHARDSON & ONEAL.

1. The act to authorise the amendments of writs of error, requires the writ to be amended in all cases, where it is necessary to make it conform to the record.

2. A writ of error will lie, to revise the judgment of a court overruling a motion to quash a forthcoming bond, so as to avoid an execution issued thereon; and although the execution has not been made part of the record by bill of exceptions, or otherwise, it will be looked to by the appellate court, to ascertain if it is correctly described in the condition of the bond.

3. The forthcoming bond described a *fieri facias* as having issued against the goods &c. of J L, requiring to be made for debt, damages and costs $2743; the *fi. fa.* issued against the goods, &c. of J L, W H C, L J M, and A J S, requiring to be made the sum of $2492 50-100 : *Held*, that the bond did not conform to the execution, and that the same should be quashed.

WRIT of Error to the Circuit Court of Sumter.

This was a motion by the plaintiffs in error, to quash a forthcoming bond. The bond is dated the 26th March, 1840; is executed by John Lunsford, Peter B. Whiting, and James E. Jones, in favor of the defendants, and is in the penal sum of five thousand four hundred and eighty-six dollars. In the condition it is recited that an execution issued from the Circuit court of Sumter, in favor of the defendants in error against " John Lunsford for the sum of two thousand seven hundred and forty-three dollars, including debt, damages and costs; bearing test the 16th day of March, 1840, which execution was levied on one hundred bales of cotton as the property of Lunsford, to satisfy the same. The condition proceeded as usual to declare, that the bond should be void if the cotton was delivered at the time and place of sale, both of which were particularly designated.

The execution, including debt, damages, and the costs taxed by the clerk, required to be made the sum of twenty-four hundred and ninety-two 50-100 dollars ; and on the ground of the discrepancy between the execution really issued and that described in the condition of the bond, the motion to quash was founded. The judgment of the court on the motion is as follows : " Richardson & Oneal v. John Lunsford. This day came the parties, by their attorney, and the motion to quash the forthcoming bond, &c.

coming on to be heard, and after argument of counsel had thereon, it is considered by the court that said motion be discharged."

The parties to the writ of error are John Lunsford, Peter B. Whiting and Richard S. Jones, adm'rs of James E. Jones, dec. plaintiffs, and Richardson & Oneal, the defendants.

R. H. Smith, for the plaintiffs in error. Anticipating the argument for the defendant in error, he insisted that the judgment on the motion to quash may be reviewed on error; the cases decided by this court are not opposed to such a conclusion; that if there is a misjoinder of plaintiffs in error, the writ may either be amended, or considered as amended under the late statute upon the subject. The description of the parties to the judgment in the margin of the entry may be rejected as surplusage, and the judgment be held to decide the motion as between all the parties to the execution and forthcoming bond. [Drummond v. Wright, 1 Ala. Rep. 205.] The execution is a part of the record, and may be referred to for the purpose of ascertaining whether it authorized such a bond as was executed. [1 Munf. Rep. 60; 2 Leigh's Rep. 545.] In a proceeding such as this was, no notice was necessary—it was an incidental step in the case which the parties are presumed to have been informed of, in consequence of their continuance in court.

These objections being out of the way, the discrepancy between the bond and execution will be apparent. The penalty of the bond is $5,486, and the execution described is for $2,743, including debt, damages and costs. The *fieri facias* which was levied is for $2,492 50-100, including debt, damages and costs, and double the amount is $4,985. This is regarded as sufficient to authorize a reversal. [Aik. Dig. 171; 2 Porter, 494; 3 Ala. R. 484; 1 Ala. Rep. N. S. 316; 7 Mass. Rep. 98; 1 Munf. Rep. 605; 2 Leigh's Rep. 545.]

Metcalfe, for the defendants in error. The writ of error should be dismissed, because there is no such judgment as can be revised by an appellate court; the judgment described in the writ of error is not such as is found in the record; and besides, there is a misjoinder of plaintiffs, which cannot be amended. [Smith & Hill v. Cobb, 1 Stewt. Rep. 62.] But if the writ of error be sustained, it is insisted, that the bond and execution cannot be

looked to, not being set out by bill of exceptions. [4 Porter's R. 332; 7 Id. 156–270; 9 Id. 136–312; 1 Ala. Rep. N. S. 425; 2 Id. 345; 3 Id. 285.]

Again, the motion was rightly overruled, because it did not appear that the defendant in error had notice of it. [1 Stewt. & P. Rep. 158; 1 Ala. Rep. N. S. 207; 3 Id. 289.] The appearance by attorney, when no issue was made or trial had, does not cure the want of notice. [1 Porter's Rep. 285; 8 Id. 99; 3 Al. Rep. 289.]

COLLIER, C. J.—By act of the Legislature " To authorise the amendments of writs of error," it is enacted " that all writs of error wherein there shall be any variance from the original record, either in the name or the number of the parties, the form of action, or other defect, may and shall be amended, and made agreeable to such record, by the respective courts, where such writ or writs of error shall be made returnable, under such rules and regulations as the Supreme court may prescribe." [Clay's Dig. 312, § 39.] The provisions of this statute are so general as to require a writ of error to be amended in all cases where it is necessary to make it conform to the record which accompanies it. We cannot then repudiate this cause because there are too many parties to the writ of error, or because the plaintiffs are liable in different rights, but should rather make the proper amendment.

In regard to the objection that the writ of error does not correctly describe the judgment in the record, it may be again remarked, that if necessary an amendment could be made, so that the former would harmonize with the latter. But we are inclined to think that as the entry made upon the determination of the motion is in proper form, the statement of the parties names upon the margin, if important, is amendable under the act of 1824, entitled " An act to regulate pleadings at common law." [Aik. Dig. 266; Armstrong v. Robertson & Barnwell, 2 Ala. Rep. N. S. 164; Drummond v. Wright, 1 Ala. Rep. N. S. 205.]

The decision of a court upon a motion addressed to its discretion, cannot be reviewed by an appellate court; hence the motion to strike out a plea, if refused, furnishes no sufficient ground of error, for it is competent for the court to put the plaintiff to his demurrer. [Johnson, adm'r, v. Wren, 3 Stewart's Rep. 172;

Townson v. Moore, 9 Porter's Rep. 136.] So, where the over-ruling a motion to quash may not be ultimately prejudicial to the party making it, but he may have the benefit of his objection in some other form, a writ of error founded upon such a decision should not perhaps be entertained. But where a decision is definitive, and the same point cannot be made in another form, we know of no rule which inhibits the revision on error of such a judgment. In Hester, et al. v. Keith & Kelly, [1 Ala. Rep. N. S. 316,] a supersedeas was granted by the judge of the county court of Tuskaloosa, to arrest proceedings on an execution, but was afterwards dismissed; a writ of error was sued to this court, and no objection was made to its maintenance in such a case, though the writ was dismissed for a misjoinder of parties.— A supersedeas is a remedy resorted to in vacation, to suspend the action of an execution until court, with the view that it may then be quashed; in term time it is unnecessary, as the powers of the court on a motion to quash, are ample, to effect every thing it proposes, and when a *supersedeas* is dismissed upon the ground, that an execution is unobjectionable, the decision is nothing more than the refusal to quash it. So, that if a case like the one cited, could be here entertained, the one at bar may also be reviewed. In conformity to this view, has been the practice of this court, ever since its organization.

The course always pursued in this State for the purpose of avoiding forthcoming bonds, or destroying the effect of executions issued thereon, is by a motion such as was adopted in the present case. And it is impliedly recognized as correct by the act of 1807, which among other things, provides "If any forthcoming bond be quashed as faulty, the sheriff taking the same shall be at all times liable for damages to the party injured."— [Aik. Dig. 171.] If such a proceeding be not allowable, the obligor of the bond would be without remedy, for though the law authorises an execution to issue on the bond, yet it is not regarded as a judgment upon which a writ of error will lie. [Taylor, et al. v. Powers, use, &c. 3 Ala. Rep. 285.]

The counsel for the defendant in error does not deny the power of the court to which a forthcoming bond is returned, to quash, either the bond or an execution issued thereon, but he insists that as the execution upon the levy of which the bond was given, is not made a part of the record by bill of exceptions, or otherwise,

it cannot be looked to for the purpose of ascertaining if it is correctly described in the condition of the bond. In Glasscock v. Dawson, [1 Mumf. Rep. 605,] a writ of *fieri facias* issued against an administratrix, " to be levied as to certain damages and costs of the goods and chattels of her intestate, and as to other damages and costs of her own goods and chattels," and was returned " executed on certain slaves the property of the administratrix, a forthcoming bond taken," &c. The bond being given by the administratrix *eo nomine,* but expressing that the execution was against her goods and chattels, it was decided to be variant from the *fi. fa.* and at the instance of the obligors was quashed. In that case the execution was not made a part of the record by any act of the primary court, yet it was held to be competent on appeal to compare it with the bond for the purpose of testing the question of variance. So, in Couch v. Miller, [2 Leigh's Rep. 545,] it was held to be competent for the obligors in a forthcoming bond to move to quash it. The objection was that the *fieri facias* was directed to the sheriff of Campbell county, but delivered to, and levied by the sergeant of the city of Lynchburg, situate in that county; it was held, that the writ gave no authority to the sergeant, and no warrant to him to take the forthcoming bond; that the bond was variant from the execution; and it was therefore quashed. *Further,* it was decided, that upon a motion to quash the bond because it does not conform to the execution on which it was taken, an appellate court will consider the execution as a part of the record, though not made so by any express order to that effect. [See also, Hubbard v. Taylor, 1 Wash. Rep. 259 ; Downman v. Chinn, 2 Id. 189.]

We will not undertake to consider, whether to have authorised the circuit court to entertain the motion submitted by the defendants, it was necessary that notice should have been given to the plaintiffs, [Wilkerson, et al. Branham, at this term,] as the judgment upon the motion expressly affirms the appearance of the parties by attorney, and the argument of counsel thereon. This is quite sufficient to show that both parties were before the court, and is either an admission or a waiver of notice. [Bondurant v. Wood and Adams, 1 Ala. Rep. N. S. 542.]

The view taken disposes of the objections made by the counsel for the defendants, and we have now but to compare the bond and the *fieri facias* recited in the condition. The execution is-

sued against the goods, &c. of John Lunsford, William H. Carter, Langdon J. Morris, and Andrew J. Stephens, while the bond describes it as having issued against the goods, &c. of *John Luns-ford* only—the aggregate of debt, damages and costs which it requires to be made is $2,492 50-100, while the bond states the amount to be $2,743. These discrepancies it is believed are so great, that we cannot say from an inspection of the execution in the record, that it is the writ to which the bond refers. The mis-description is such, that it cannot be identified with reasonable certainty; the execution being placed out of the way, there is nothing to sustain the bond, and the circuit court should have quashed it. Consequently the judgment is reversed, and the bond adjudged to be insufficient to authorise an execution thereon. My brothers desire me to add, that in attaining this conclusion it is not intended to determine in advance whether the bond is void at common law.