## Finucane *v.* Kearney *et al.*

Where there has been a payment of the purchase money, and the vendee has been let into possession of land sold under a parol contract, and suffered to make valuable improvements thereon, these circumstances are sufficient to take the case out of the operation of the statute of frauds, and warrant a decree for a specific performance of the parol contract.

Where the contract was written out, and one of the parties promised to sign it, but was prevented by his death; held, that this was an exception to the statute of frauds.

An acknowledged exception to the statute of frauds is where the contract was intended to be reduced to writing, according to the statute, but is prevented by the fraud of one of the parties, or by unavoidable accident.

This bill was filed to enforce the specific performance of a contract for the sale of a town lot, in the city of Jackson, which contract failed to be executed in writing in consequence of the death of the vendor. The history of the case is given in the opinion of the court. Two of the defendants demurred to the bill, relying upon the statute of frauds.

Wm. Yerger for the demurrer.

D. Shelton contra.

The first position taken by complainant is, that the heirs of James C. Dickson shall be charged upon the contract; because there is a memorandum in writing, not by the party charged, but by "a person by him thereunto lawfully authorized."

The memorandum in writing, exhibit A., is a contract for the sale of the land, made in the name of both partners, by one co-tenant, and signed by him alone.

This alone, without some evidence of ratification of the contract by Dickson, would not charge him. It is not necessary to prove that that authority was given before the contract was made. It is sufficient if we prove that he adopted it subsequently. We charge three distinct facts, evidencing his adoption of the authority to make said contract in writing. 1st. Putting in possession. 2d. Suffering improvements. 3d. Indorsement of the notes; one of which facts is evidenced by writing. The rule of law is, an adop-

6*

tion of the agency in one part, is an adoption of the whole act. An act cannot be affirmed as to that which is beneficial, and rejected as to the remainder. 2 Str. 259.

But independent of the law of agency, this case is taken out of the statute of frauds, by *part performance.* To make this available, a *contract* must be shown and *part performance* established.

Upon that question must the contract, and the terms of it, be specifically established? There is a contrariety among the authorities. Chancellor Kent, in the case of Packhurst v. Voncordtland, (1 J. C. R.) contends that not only the contract but a specification of its terms must be proved. In the same case, in the supreme court of New York, that court holds that from the fact of part performance a contract may be presumed, and that the court will in every case determine what that contract was, from the pleadings and evidence before it, and give relief accordingly. 14 J. R. 31. And these principles are respectively to be found running through the reports of these two courts. 'Tis not for me to decide between them. Either is sufficient for my purpose; for not only the contract but the terms of it are established by the bill. They put complainant in possession—they suffered him to make valuable improvements. Dickson transferred the notes by his own endorsement: the first recognizes some contract, the last the particular contract. That such a recognition is conclusive against him, see Niven *v.* Belknap, 2 J. R. 573.

As to the part performance, perhaps the broad position may be taken, that though the parol contract be proved, and performance established, yet we are not entitled to relief. There are some decisions in Tennessee leading to this doctrine; but it has, throughout the Union and in England, been so repeatedly decided otherwise, that it has become the settled law of the land. It has been otherwise decided in England.—See any volume of Ves. Jr. and the Law Library, No.   on Frauds, p.   . It has been otherwise decided in New York.—See 2 J. R. 587. 14 J. R. 43. 1 J. C. R. and many others. It has been decided otherwise in Maryland.— See 4 Harw. and McHenry, 43 and 252. It has been otherwise decided in superior court of United States. I believe it has been otherwise decided in every state of the Union except Tennessee.

*Finucane v, Kearney et al.*

The acts of part performance stated in the bill, are the putting in possession as owner, suffering them to improve, and a full payment of the purchase money. That these are acts of part performance, see 14 J. R. 43. 2 J. R. 587. Fonb. Eq.

But it may be urged that the only ground of relief is fraud in the original purchase and deceit by the vendor. This is not law. The fraud against which this court will relieve, may consist in *resisting* the completion of an agreement partly performed. 1 J. C. R. 149.

The judges say, if the party has been silent when justice demanded that he should speak, the court will not suffer him to speak when justice demands that he should be silent.

The CHANCELLOR.

The bill states that on the 28th of January, 1835, the complainant, together with one J. W, Barnes, contracted with Isaac Caldwell for the purchase of lot No. 2, in square No. 2 south, in the town of Jackson; that said lot belonged jointly to said Caldwell and one James C. Dickson; that he and said Barnes executed their two several promissory notes for the consideration money, payable to said Caldwell and Dickson, one due on the 1st January, 1836, the other on the 1st January, 1837, and that he received a bond to make title when the purchase money should be paid. The bond upon its face purports to be the joint bond of Caldwell and Dickson, but is signed by Caldwell alone, from whom it was received. The bill alleges that Dickson agreed to sign the bond, but was prevented from doing so by his death; that the complainant was put in possession of the lot by Caldwell and Dickson; that Dickson ratified and confirmed the sale by subsequently transferring to Caldwell his interest in the notes aforesaid, as by permitting lasting and valuable improvements to be made on the lot; that he has fully paid off and discharged the purchase money; that the complainant has purchased out the interest of Barnes to said lot; that Caldwell and Dickson are both dead. This bill is filed against their heirs and legal representatives, to enforce a conveyance of the title to said town lot. To this bill two of the defendants, Joseph W. Miller and Martha his wife, (who is one of the heirs of James C. Dickson,) have filed a demurrer, and upon

that demurrer the case is submitted, according to the practice of this court. The defendants insist that the case, as to them, is within the statute of frauds, the contract resting in parol; and it is assumed as a general position, that *part* performance of such a contract is not sufficient to take it out of the operation of the statute referred to. Whatever diversity of opinion may exist as to the policy of courts of equity sanctioning any departure from the strict terms of the statute of frauds, yet exceptions to its operation have been so long and so uniformly sustained by an almost unbroken current of both English and American authorities, that I do not feel myself at liberty to strike out any new rule upon the subject. The ground upon which these exceptions have been admitted is, that, to permit a party, under peculiar circumstances, to avail himself of the statute, would be a fraud upon the opposite party, and a perversion of the object of the statute itself. 1 John. Ch. R. 131; 2 ibid. 111; 14 Ves. 386; 14 John. R. 15; 4 Pet. U. S. Rep. 311.

What facts and circumstances will create such an exception, has been a question of some difficulty and embarrassment in practice, upon which the authorities are not altogether uniform; as, whether the payment of a part or the whole of the purchase money was sufficient, I consider the weight of authority against either branch of the proposition, where there is no other circumstance to induce the interference of the court. 3 Ves. 379, 380; 1 Sch. and Lef. 40, 41. But where there has been a payment of the purchase money, and the vendee has been let into possession under the contract, I have found no respectable authority that did not hold these circumstances sufficient to take the case out of the operation of the statute, and to warrant a decree for a specific performance of a parol contract. 3 Atk. 1; 2 Ball. & B. 348; 6 Har. & John. 288; Ellis *v.* Ellis, Dev. Eq. 180; Wilde *v.* Fox, 1 Rand. 165; 1 Blackf. 58; 6 Wheat. 528; 1 Bin. 218; 2 Cai. Ca. E. 87.

In the case now before me, it is distinctly alleged that the entire purchase money has been paid, and that possession of the lot was given under the contract, thus bringing it within the pale of the authorities referred to.

There is another allegation in the bill, which I think places it beyond the reach of the statute of frauds. It is alleged that Dick-

son *agreed* to sign the bond, but was prevented by his death. An acknowledged exception to the statute is where the agreement is intended to be reduced to writing according to the statute, but is prevented by the fraud of one of the parties. New. on Con. c. 10, 179 to 197; 1 P. Wm. 618. And so I apprehend the rule would be, where, as in this case, the contract was written out and one of the parties promised to sign it, but was prevented by inevitable accident. See 2 Story's Eq. 79. It is the peculiar province of courts of equity to relieve against accidents as well as fraud. It is alleged also that the complainants have made valuable improvements upon the lot. This has been repeatedly held as an act of part performance. 3 Ves. 378; 1 John. Ch. 274; 3 Paige, 545.— Whether these allegations can be proved, is a question that does not arise in the present inquiry. A part performance has no other effect, except that the plaintiff is thereby let in to prove the contract otherwise than by writing. 1 Pet. C. C. Rep. 380.

I think, then, that the grounds of demurrer are not well taken. Although a bill seeking the enforcement of a parol contract for land, without other circumstances, is a proper subject of demurrer, yet if the bill, besides the agreement, states matter in avoidance of the statute, such as part performance, a demurrer will not lie: Harris *v.* Knickerbacker, 5 Paige, 638.

The demurrer must be overruled, with leave to answer.