## GOOD *v.* MARTIN.

JUDGMENT — *what is final.* A decision of a district court upon a motion to quash an execution is not a final judgment which may be removed into this court for review by writ of error.

*Error to District Court, Arapahoe County.*

THIS cause was before the court at the last term upon appeal, and the judgment being affirmed, defendant in error sued out an execution from the district court. The present plaintiff in error thereupon moved the district court to quash the execution, upon the ground that the cause had been removed into the supreme court of the United States by writ of error, which writ had become a supersedeas. The district court denied the motion, and plaintiff in error took a bill of exceptions and sued out this writ.

Mr. N. HARRISON, of counsel for defendant in error, now moved the court to quash the writ, upon the ground that the decision of the district court upon that motion was not a final judgment.

Mr. E. L. SMITH, *contra.*

BELFORD, J. Good filed his motion in the court below to quash an execution which had been issued on a judgment obtained by the defendant in error against him. The motion was denied, and thereupon Good sued out this writ of error, to review the action of the court below. It is claimed by the defendant that the order denying the suppression of the execution was in no sense a final judgment, nor an award in the nature of a judgment, and that neither an appeal nor writ of error will lie therefrom. It has been repeatedly held that no appeal nor writ of error will lie from an order to show cause why any particular thing should not be done ; or from an order for an attachment to bring a party before the court ; or an *ex parte* order refusing an injunction ; or an order granting an injunction until the coming in of an

answer ; or when on motion dissolving or continuing it until the final hearing or further order ; or when property was likely to be lost or materially injured, appointing a receiver to take care of it for the benefit of all concerned ; or from an order upon a defendant to bring a sum of money into court, which he had admitted in his answer did not belong to him, for the purpose of having it invested so as to be made productive pending the litigation, or from a mere discretionary decree or order. The principle upon which the denial rests is, that if appeals or writs of error from such orders were allowed, the court of last resort would draw into it the whole business of the inferior courts before they had become ripe for discussion and decision there ; and not only render the voice of those courts mute, and their process nugatory, but it would destroy the appellate court itself by rendering it wholly incompetent to dispatch the immensity of business which would thus accumulate. *Ringgold's case*, 1 Bland. Ch. 13. Considerable conflict is found in the books as to the exact nature of the order herein complained of. In Illinois, Mississippi, Indiana and Alabama, it is regarded as final in such sense as that a writ of error will lie. *Sloo* v. *State Bank*, 1 Scam. 428; *Lawdsford* v. *Richardson*, 5 Ala. 618; *Bank, etc.*, v. *Patten*, 5 How. 200 ; *Cline* v. *Green*, 1 Blackf. 58. In North Carolina, New York, and in the Federal courts, a different rule prevails. *Bowen* v. *Lavin*, 2 Tayl. 241; *Brooks* v. *Hunt*, 17 Johns. 484 ; *Hohn* v. *Cargo*, 1 Mason, 435 ; *Barton* v. *Forsythe*, 5 Wall. 190 ; *Boyle* v. *Zacherie*, 6 Pet. 648. In the case last cited, motions of this character are regarded as being addressed to the sound discretion of the court, and their refusal is not a ground for a writ of error. A distinction is also taken in the case of an order refusing to quash an execution, and an erroneous award of execution not warranted by the judgment. In the latter case it is stated that a writ of error will lie. Amid this conflict of authority, we are forced to range ourselves on the side of the Federal courts, and dismiss this writ, and it is accordingly so ordered.

*Motion allowed.*