GEORGE N. MOODY ET AL., PLAINTIFFS IN ERROR, VS. R. HOE & CO., DEFENDANTS IN ERROR.

1. When the Clerk of the Circuit Court issues an execution on a forfeited forthcoming bond under sec. 28, p. 526, McC.'s Dig., given for the trial of the right of property levied on by execution, he acts as a ministerial officer only, and his acts to be valid and binding must be in conformity to the statute.

2. When the clerk issues an execution on a bond made by the claimant of property levied on to four different persons jointly against the claimant and his sureties on such bond, and joins therein the original defendant in execution, such execution being issued in favor only of one of the four obligors in the bond, it is not in compliance with the statute and should be set aside on motion.

3. Said statute does not authorize the clerk to issue an execution against the obligors in the bond, neither the principal therein nor the sureties, for the costs of the proceeding to try the right of property.

Writ of Error to the Circuit Court for Levy county.

The facts of the case are stated in the opinion.

*Randall, Walkers & Foster* for Plaintiffs in Error.

*J. J. & S. Y. Finley* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

Motion to set aside execution in Circuit Court of Levy county by plaintiff in error for alleged illegality.

The defendants in error recovered a judgment in the Circuit Court of Levy county against one T. A. Darby for $342.55 and $6.81 cents costs, which was levied on seventeen head of mules. George N. Moody, one of the plaintiffs in error, made a claim to the property under section 22, McC.'s Dig., p. 524. Burkhalter & Co., Strauss, Pritz & Co., and Malin, Fowler & Co., also recovered judgments in the Circuit Court of said county against the firm of Chafer & Darby. Moody's affidavit, claiming the property, included all these executions, and one bond was made by him to all the plaintiffs in the execution jointly. On a trial of the right of property, which followed, the jury found in favor of the claimant as to the last three, and adversely as to the execution of R. Hoe & Co. The property levied on by virtue of the Hoe & Co. execution, not being delivered to the sheriff on demand therefor, the clerk issued an execution on said bond against *Darby*, the original defendant in the suit of Hoe & Co., Moody, the claimant, and his sureties, Epperson and Carter, for the sum of $355.99 and $58.10 costs. The execution was issued in the name of Hoe & Co., alone. Moody moved the court to set aside the execution for illegality under the provisions of sec. 19, p. 524, McC.'s Dig. The court overruled the motion and defendant sued out a writ of error.

The record shows sufficient legal reasons why the motion should have been granted. In issuing an execution upon a forfeited bond as provided by the statute, the clerk is merely a ministerial officer without any judicial powers. He must follow its provisions or his acts are void. Blount vs. Gallaher, present term.

The statute says that such bond shall have the "force and effect of a judgment." When a judgment is given in

favor of parties jointly, the clerk has no authority to issue an execution against the defendants in favor of one of the plaintiffs only. Lunsford *et al.* vs. Richardson & O'Neal, 5 Ala., 618.

The statute only authorizes the issue of the execution against the *obligors in the bond.* T. A. Darby is not one of the obligors therein, was not a party to the proceeding for the trial of the right of property, and the clerk had no authority to join him with the obligors.

These discrepancies are so patent that we cannot say from an inspection of the record that the bond of Moody and his sureties is the bond on which the clerk issued the execution. Again the statute provides that the " bond shall have the force and effect of a judgment, and the clerk of the court in which such bond is filed may issue execution against the obligors in said bond for the *amount of the debt.*" The execution is not only for the debt, but is for $58.10 costs in the proceeding for the trial of the right of property.

The sureties on Moody's bond, Epperson and Carter, never originally undertook to be responsible for costs but only for the return of the property and such damages as the jury might find reasonable and right if it should appear that the claim was interposed for delay, and if they had so undertaken there is no authority in sec. 28, McC's. Dig., p. 526, to issue a summary execution against them for anything except " the amount of the debt."

Judgment reversed with instructions to set aside the execution.